UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20213-CR-KING

UNITED STATES OF AMERICA,
        Plaintiff,

v.

ANGEL VERDIN,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about September 27, 2011, court-appointed defense counsel Arthur Wallace ("Counsel") submitted a voucher application numbered FLS 11 2923 with appended time sheets requesting $15,873.13 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied time sheets and a letter of explanation dated September 18, 2011 in support of his voucher application. Counsel represented Defendant Angel Verdin ("Defendant") for four months from May 3, 2011 until September 8, 2011.

Counsel seeks $15,873.13 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge James Lawrence King entered an Order of Reference **[DE # 97]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. Id.

-2-

## DISCUSSION

### Counsel's Representation in This Case Was Complex

Under the Guidelines, in order to approve compensation in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. Counsel's representation of Defendant was complex.

First, the very nature and facts involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced in March 2011 when the grand jury returned a four count Indictment **[DE # 3]** against Defendant and four codefendants. The government later returned a Superseding Information **[DE # 69]** against Defendant. In the Superseding Information, the government charged Defendant with two counts for use of a telephone to commit conspiracy to possess, with intent to distribute, cocaine. Defendant faced a potential term of four years imprisonment on these counts.

Second, the discovery in this case was extensive. Counsel explained that the "discovery review lasted 58.9 hours due to the 2 Title III wiretaps (supporting documents, line sheets and calls) which had to be reviewed. Additionally transcripts were provided in anticipation of trial." (September 18, 2011 letter at 1). The sheer volume of documents and evidence in this case made this case more complex than the average case.

Third, although Defendant eventually entered a plea of guilty, this matter only settled on the eve of trial. As Counsel explained, the "case was prepared for jury trial and was pled out and settled at the calendar call 2 days before trial." (September 18, 2011 letter at 1). As the case settled so close to the start of trial, the "defense had to prepare to call numerous

witnesses" to testify at trial. Consequently, Counsel was required to expend a larger number of hours than normally generated in the average case which results in a guilty plea.

Fourth, Counsel expended a significant amount of time performing legal research in this matter because the Defendant's "criminal record . . . was extensive and resulted in him being considered a career offender facing massive guideline exposure." (September 18, 2011 letter at 1). Fifth, as the case progressed, the parties engaged in extensive plea discussions. The "plea discussions were day to day while the case was being prepared for trial." (September 18, 2011 letter at 1). The extensive plea discussions resulted in the government "dropp[ing] the cocaine trafficking conspiracy essentially saving [Defendant] as much as 25 years on the guidelines." (September 18, 2011 letter at 1).

Defendant entered a guilty plea to both count three and count four of the Superseding Information. **[See DE # 90]**. He was sentenced to thirty months in prison for each count, with the sentences to run consecutively. **[See DE # 90]**.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex as a result. I, therefore, conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. As I have concluded that this matter was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### Voucher Amount - Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation

for 3.0 in-court hours and 119.4 out-of-court hours.

Regarding the out-of-court hours listed in the voucher, Counsel sought compensation for: 23.9 hours for "Interviews and Conferences", 58.9 hours for "Obtaining and reviewing records", 2.1 hours for "Legal research and brief writing" and 24.0 hours for "Travel time." Counsel also sought $507.88 in "Travel Expenses" and $65.25 in "Other Expenses." The total amount listed by Counsel in the voucher was $15,873.13.

### In-Court Hours[1]

Counsel sought 3.0 in-court hours totaling $375.00. The CJA administrator made no changes to the amount claimed. I approve the amount of $375.00 as reasonable.

### Out-of-Court Hours

Counsel also sought compensation for a total of 119.4 out-of-court hours totaling $14,925.00. The CJA administrator made a few adjustments to the number of out-of-court hours listed by Counsel in the voucher. The CJA administrator increased the overall number of out-of-court hours to 124.3 hours.

The CJA administrator made this adjustment by increasing the number of hours sought for "Obtaining and reviewing records" to 61.7 hours and the number of hours spent conducting "Legal research and brief writing" to 4.2 hours. This resulted in a new total of 124.3 out-of-court hours totaling $15,537.50.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. To that end, I contacted Counsel to discuss the troublesome entries. Counsel willingly clarified the majority of the entries which caused concern, however, two troublesome entries remain. Specifically, I recommend that the time listed for the following entries be eliminated:

| | | |
|---|---|---|
| 7/26/11 | Review Discovery at courthouse | 3.5 hours |
| 8/27/11 | Review Discovery | 3.4 hours |

I recommend that the above entries be eliminated because these entries were duplicative of other entries included by Counsel on the voucher. To Counsel's credit, he acknowledged that these entries were duplicative and he agreed to waive these entries. The total reduction for the entries listed above is $862.50.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $14,675.00 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL

2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $14,675.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

### Expenses

Counsel sought $507.88 in "Travel Expenses." The CJA administrator slightly adjusted the amount requested to $502.88. I hereby recommend approval of this adjusted amount. Counsel also sought $65.25 in "other Expenses. I also recommend approval of this amount.

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

As I explained above, however, because the representation provided by Counsel to Defendant in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $15,618.13 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable James Lawrence King, United States District Judge.

Signed this ___ day of January, 2012.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Arthur Wallace, Esq.
Lucy Lara, CJA administrator